UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK MURPHY and MARIA
MURPHY, as guardians of OLIVIA
MURPHY, et al.,

    Plaintiffs,

v.                                                  Case No.: 8:25-cv-22-TPB-TGW

VILLAGES AT NOAH'S LANDING LTD,
et al.,

    Defendants.
_____/

**ORDER DENYING PLAINTIFFS' "VERIFIED TIME-SENSITIVE
MOTION FOR SANCTIONS AND TO ENJOIN RETALIATION"**

This matter is before the Court on Plaintiffs' "Verified Time-Sensitive Motion for Sanctions and to Enjoin Retaliation," filed on April 14, 2025. (Doc. 42). Defendants Noah's Ark of Central Florida, Inc., and Constance Bamberg filed a response on April 23, 2025. (Doc. 51). The Court held a hearing on the motion on May 22, 2025. (Doc. 55). Upon review of the motion, response, argument of counsel, the court file and the record, the Court finds as follows:

**Background**

This case is a putative class action brought by parents on behalf of their adult children who reside at The Villages at Noah's Landing, a residential facility managed by Defendants for adults with developmental and intellectual disabilities. The facility presently houses approximately 120 residents. Plaintiffs allege violations of the Fair

Housing Act, the Florida Deceptive and Unfair Practices Act, and breach of contract, among other things.

Plaintiffs' motion for sanctions complains of various allegedly improper actions taken by Defendant Constance Bamberg, the president of Defendant Noah's Ark of Central Florida, Inc., one of the operators of Noah's Landing. These actions include Bamberg stating at an April 4, 2025, board meeting that she would seek to "scare the crap" out of Plaintiffs to try to get them to drop this lawsuit. Plaintiffs also allege that, at the same meeting, Bamberg referred to a plan to evict Plaintiffs Mark and Maria Murphy's daughter Olivia from the facility. Plaintiffs argue, among other things, that Bamberg's conduct merits sanctions under the Court's inherent power and that it constitutes retaliation in violation of the Fair Housing Act, 42 U.S.C. § 3617. Plaintiffs seek: (1) entry of a default; (2) a prohibition on Defendants' communicating with residents regarding matters "relating to the lawsuit;" (3) a requirement that Defendants pay for a social worker to explain to the residents that they will not be evicted and that Plaintiffs are not liars; and (4) a prohibition on evictions of Plaintiffs' children.

## Analysis

The Court has carefully considered the record, including in particular the transcript of the April 4, 2025, board meeting and Bamberg's subsequent e-mails to certain of the Plaintiff parents. Bamberg's reference to "scar[ing] the crap" out of Plaintiffs was a poor choice of words, to be sure. But the record does not support a finding that Defendants Bamberg or Noah's Ark of Central Florida have engaged in sanctionable conduct, that Plaintiffs are entitled to an award of attorney's fees

incurred in bringing the instant motion, or that Defendants have engaged in prohibited retaliation.

The Court need not address in detail the parties' legal and factual arguments regarding the propriety of injunctive relief, because the discussion and representations by counsel at the hearing on Plaintiffs' motion render Plaintiffs' concerns about future problems moot, or at least premature. For example, Defendants' counsel has represented to the Court that Defendants currently have no plan or intent to evict any of Plaintiffs' children from the facility. Counsel also advised that the staff at the facility have been instructed to respond to questions by saying that they are not allowed to discuss the lawsuit.

While the Court will not enjoin any client-to-client communications, Plaintiffs have made their position abundantly clear that such communications are unwelcome. The Court believes Defendants would be well served by honoring that position. It similarly appears that <u>both</u> Plaintiffs <u>and</u> Defendants would be well served by refraining from discussing this lawsuit or the issues it presents in social media posts or with the press. Again, however, the Court will not enter an injunction on this point at this time.

For the foregoing reasons, Plaintiffs' motion for sanctions and injunctive relief is denied. However, this ruling is without prejudice to Plaintiffs' ability to file a motion seeking such relief in the future based on changed or new facts.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED:**

1. Plaintiffs' "Verified Time-Sensitive Motion for Sanctions and to Enjoin Retaliation" (Doc. 42) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of June, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE