MARK MURPHY AND MARIA
MURPHY et al.,

  Plaintiffs,       Case No.: 8:25-cv-00022

v.

VILLAGES AT NOAH'S LANDING
LTD. et al.,

  Defendants.
_____/

## RESPONSE TO UNOPPOSED PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO ADD PARTIES

Defendants, Noah's Ark of Central Florida, Inc. and Constance Bamberg, pursuant to Local Rule 3.01(b) and (c), file this Response to the Unopposed Plaintiffs' Motion for Extension of Time to Add Parties (Doc. 61). For the reasons discussed below, Defendants request the Court deny Plaintiffs' Motion for Extension of Time to Add Parties to the extent Plaintiffs request an extension of the deadline to amend the claims presently asserted against the current Defendants.

## BACKGROUND

1.  The parties conducted a Rule 26(f) conference on April 4, 2025. Doc. 37.

2.  At the conference, counsel for Plaintiffs referenced the need to issue third-party subpoenas. The office of the undersigned reminded Plaintiffs they were permitted to notice and then serve the subpoenas immediately following the

conference.  *See also* Fed. R. Civ. P. 26(d)(1).

3.      The parties submitted a Case Management Report on April 10, 2025. Doc. 37.

4.      As indicated in the Case Management Report, the parties agreed to a July 1, 2025 deadline for moving to join a party or amend the pleadings.  Doc. 37.

5.      The Court entered its Case Management and Scheduling Order on May 27, 2025.  Doc. 57.

6.      In the Case Management and Scheduling Order, the Court approved the agreed July 1, 2025 deadline for moving to join a party or amend the pleadings.  Doc. 57 ¶ 2.

7.      Plaintiffs did not serve the third-party subpoenas until June 2025. Specifically, Plaintiffs gave Defendants notice of the proposed third-party subpoenas on June 5, 2025.  Plaintiffs represent the subpoenas were served on June 9, 2025, June 13, 2025, and June 18, 2025.  *See* Doc. 61 ¶¶ 4-6; Docs. 59, 60.

8.      On June 30, 2025, counsel for Plaintiffs asked counsel for Defendants to agree to a three-week extension of time to extend the deadline to file a motion to add parties.

9.      Counsel for all Defendants agreed to the request so long as the motion requested only an extension of the deadline to add parties and further specified there was no request for an extension of time to amend the claims against Defendants.

10.     There was no further discussion or response from Plaintiffs.

11.　At no point did Plaintiffs' counsel discuss the possibility of seeking an extension of the deadline to amend the pleadings.

12.　On July 1, 2025, Plaintiffs filed their Unopposed Plaintiffs' Motion for Extension of Time to Add Parties (the "Motion for Extension"). Doc. 61.

13.　The Motion for Extension is vague with respect to the relief sought by Plaintiffs.

14.　On one hand, The Motion for Extension is titled a motion to extend the time "to Add Parties." However, paragraph 11 suggests Plaintiffs are seeking a broader extension, representing that "no other case deadlines will be impacted at this time by Plaintiffs' Request for an extension to add parties *or amend the pleadings in this case*." Doc. 61 ¶ 11 (emphasis added). In paragraph 12, Plaintiffs ambiguously state as part of their good faith certification that they "are not able to represent to [Defendants'] counsel whether they may amend their claims against the current defendants." Finally, the WHEREFORE clause vaguely seeks an Order granting the Motion for Extension and "awarding the relief sought herein."

15.　Thus, although Plaintiffs represent the Motion for Extension is unopposed, Plaintiffs' inclusion of a broader request to extend the deadline to amend the pleadings, which may include the claims currently asserted against Defendants, makes this representation inaccurate.

16.　In addition, the Motion for Extension does not include a request for a three-week extension of time, consistent with the good faith discussions. Instead, the Motion for Extension open-endedly requests an unspecified extension of time.

17.     Defendants file this Response opposing the Motion for Extension to the extent it seeks an extension of the deadline to amend the claims presently asserted against the current Defendants.

## LEGAL STANDARD AND ARGUMENT

After a scheduling order has been issued, Rule 16(b)(4) provides that it "may be modified only for good cause and with the judge's consent." "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013); *see also Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent."). "[T]he moving party cannot establish the diligence necessary to show good cause ... if the party failed to seek the needed information before the deadline." *Williams v. Blue Cross & Blue Shield of Fla., Inc.*, No. 3:09CV225/MCR/MD, 2010 WL 3419720, at *1 (N.D. Fla. Aug. 26, 2010). "A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry." *Lord v. Fairway Elec. Corp.*, 223 F.Supp.2d 1270, 1277 (M.D. Fla. 2002).

Here, Plaintiffs have failed to establish good cause, arguing only that good cause exists "because all parties are still at the beginning of gathering discovery and information that will be needed to move their case." Plaintiffs also reference Defendants' pending motions to dismiss. But, Plaintiffs have failed to demonstrate diligence in their efforts to obtain the information they claim to need to evaluate whether to amend the pleadings. To the contrary, Plaintiffs failed to exercise such

diligence. Plaintiffs knew as of early April 2025 that they planned to issue third-party subpoenas, but they failed to issue the subpoenas for over two months, despite Plaintiffs' agreement to a July 1, 2025 deadline to amend the pleadings. Plaintiffs' intentional delay does not justify an extension of time of the Court's deadline. *See, e.g.*, *Esys Latin Am., Inc. v. Intel Corp.*, 290 F.R.D. 563, 564 (S.D. Fla. 2013) (denying request to modify scheduling order because "Plaintiff has not shown the schedule could not have been met despite its diligence").

In addition, to the extent the Motion for Extension seeks an extension of time to amend the pleadings generally, including the claims currently asserted against Defendants, Plaintiffs did not conduct a good faith conference with counsel for Defendants as required by Local Rule 3.01(g). *See Jones v. I.Q. Data Int'l, Inc.*, No. 6:24-CV-712-PGB-RMN, 2024 WL 4793328, at *1 (M.D. Fla. May 10, 2024) (denying motion for failure to comply with Local Rule 3.01(g)). Finally, Defendants agreed to a three-week extension of time for Plaintiffs to add parties, yet the Motion for Extension does not specify the extension period Plaintiffs request.

## CONCLUSION

For the reasons discussed above, Defendants, Noah's Ark of Central Florida, Inc. and Constance Bamberg, request the Court deny Plaintiffs' Motion for Extension of Time to Add Parties to the extent Plaintiffs request an extension of the deadline to amend the claims currently asserted against the current Defendants.

Dated this 3rd day of July, 2025.

By: *s/   Geraldine P.  Asher*
Jeffrey M. Partlow, Esq.
Florida Bar No.: 110627
Geraldine P. Asher, Esq.
Florida Bar No.: 1003097
COLE, SCOTT & KISSANE, P.A.
1900 Summit Tower Boulevard, Ste 400
Orlando, Florida 32810
Telephone: (407) 775-3503
Facsimile: (321) 972-0099
jeffrey.partlow@csklegal.com
geraldine.asher@csklegal.com
kirbie.andrews@csklegal.com
*Counsel for Defendants, Noah's Ark of Central*
*Florida, Inc. and Constance Bamberg*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of July, 2025, a true and correct

copy of the foregoing has been furnished by electronic filing with the Clerk of the court

via CM/ECF, which will send a notice of electronic filing to all parties registered.

By: *s/ Geraldine P. Asher*
Florida Bar No.: 1003097